The People v. Polish Nat'l A. of U. S. of N. A., 210 Ill. App. 156.

2.   STREET RAILROADS, § 91*—*what is negligence per se on part of driver of automobile.*   It is negligence *per se* for the driver of an automobile to stop on a street car track or to go slowly over the track when an on-coming street car is close at hand.

3.   STREET RAILROADS, § 95*—*what constitutes negligence in crossing tracks with automobile.*   It is negligence for the driver of an automobile to attempt to cross a street in front of an approaching street car without looking.

4.   STREET RAILROADS, § 104*—*when negligence of driver of automobile not imputed to occupant.*   The negligence of the driver of an automobile colliding with a street car cannot be imputed to an occupant.

5.   STREET RAILROADS, § 91*—*when occupant of automobile colliding with street car is guilty of contributory negligence.*   One who is riding in her parent's automobile, which her sister is driving, and knows that the automobile, after the passing of a street car going in the same direction on the nearer of two street car tracks, is being turned in the middle of the block, to cross the nearer track and the further track for cars going in the opposite direction, and could have seen an on-coming car on the further track if she had looked, but pays no attention whatever, is guilty of contributory negligence.

---

## The People of the State of Illinois ex rel. Stanislaw Mermel, Appellee, v. Polish National Alliance of the United States of North America, Appellant.

### Gen. No. 23,916.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding.   Heard in this court at the October term, 1917.   Reversed without remanding.   Opinion filed March 25, 1918.

### Statement of the Case.

Mandamus by the People of the State of Illinois ex rel. Stanislaw Mermel, petitioner, against the Po-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

lish National Alliance of the United States of North America, respondent, to compel the restoration of petitioner as a member of respondent order. From an order awarding a peremptory writ of mandamus restoring petitioner as a member of respondent order, respondent appeals.

EDMUND S. CUMMINGS, LEO MALLEK and FREDERICK W. SNIDER, for appellant.

MAXIMILIAN J. ST. GEORGE, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 805*—*what reviewed in proceedings for reinstatement of expelled member of order.* It is not the function of the courts to review the record of the proceedings and trials culminating in expulsion from an insurance order, on mandamus to compel restoration of a member to the order, but the question of jurisdiction of the order of petitioner and the right to expel him if the charges preferred are true will be determined.

2. INSURANCE, § 802*—*when jurisdiction in proceedings to expel member of order is shown.* Jurisdiction over the subject-matter and of the person of a member of an insurance order, in proceedings by the order for the member's expulsion, is shown where the member had notice of the charges preferred against him and was served with a copy of them, and it further appears that he had notice of the time set for hearing and his trial under the charges made; that he prosecuted two appeals from the order of expulsion and was both times defeated and that the charges made were of the nature and character which the rules and regulations of the society permitted.

3. INSURANCE, § 805*—*conclusiveness of determination that member of trial board of order is competent to serve.* It is for an insurance order, and not for the courts in mandamus proceedings to compel restoration of a member to the order, to determine whether a member of the trial board of the order was competent to serve.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The People v. Polish Nat'l A. of U. S. of N. A., 210 Ill. App. 156.

4. INSURANCE, § 805*—*when action of trial board in expelling member is not reviewed.* The courts will not review the action of the trial board of an insurance order in expelling a member where it had jurisdiction of the subject-matter and of the member.

5. MANDAMUS, § 6*—*what must be shown to warrant issue of writ of.* No intendments are to be indulged regarding the right of a party to a writ of mandamus. One who seeks this extraordinary remedy must by averment and proof show unqualifiedly a right to the writ.

6. INSURANCE, § 807*—*what is not ground for compelling reinstatement of member of order.* Mere informality in proceedings of an insurance order for the expulsion of a member is insufficient to authorize the awarding of a writ of mandamus to compel restoration of the member to the order.

7. INSURANCE, § 807*—*when mandamus not issued to reinstate member of order.* Expulsion of a member of an insurance order will not justify interference by mandamus for reinstatement where it appears from the record that there were just grounds for such action, and that the petitioner had been acting in hostility to the corporation and that he seeks restoration in order to continue such conduct of hostility.

8. INSURANCE—*when order has right to discipline member by expulsion.* An insurance order has the right to discipline a member by expulsion, although he has a financial interest as an insured member, of the benefit of which expulsion from the order would deprive him.

9. INSURANCE, § 805*—*when act of order in expulsion of member is conclusive.* Where an insurance order acts in disciplining members in conformity to its charter and within the powers of its rules and regulations, and the proceedings are not irregular, action of expulsion is conclusive and cannot be inquired into collaterally by mandamus or any other proceeding, and the society in such case acts judicially and its sentence is conclusive, like that of any other judicial tribunal where there is no provision for review.

10. INSURANCE, § 807*—*what is nature of proceedings in court by member of order to compel reinstatement.* When an expelled member of an insurance order resorts to the courts to compel reinstatement, he does not appeal from the judgment of expulsion, as courts have no appellate jurisdiction in such cases.

11. INSURANCE, § 805*—*what questions are for decision of court in proceedings, to compel reinstatement of expelled member of order.* All that the courts, in proceedings by mandamus to compel reinstatement of a member of an insurance order, can be asked to decide is whether the charge against the member is sufficient under

the powers of the society and whether the necessary steps for his expulsion were regularly taken after notice and an opportunity to be heard accorded.